### TALLMAN vs. DUTCHER.

When, on the examination of a witness *in chief*, it is discovered that he is *interested* in the event of the cause, his interest may be removed by a *release;* after which he may be re-examined.

ERROR from the Dutchess common pleas. Dutcher sued Tallman for a *false representation* in the sale of sheep; and the trial of the cause proved his case. The defendant then called one *Losee* as a witness, who was present at the sale, and prove a state of facts which shewed that if such representation was made by the defendant, it was subsequently waived by the plaintiff. On his cross-examination it appeared that the witness owned part of the sheep sold, and that if there was a recovery, he would be liable to contribution. The court decided that his testimony must be rejected. The defendant offered to release him from all claim to contribution, as preliminary to a re-examination. The plaintiff's counsel objected, that if released, he ought not to be re-examined, and the court sustained the objection, and charged the jury to disregard his testimony; who accordingly did so, and found a verdict for the plaintiff, on which judgment was entered. The defendant having excepted the decision of the court, sued out a writ of error.

*H. Swift,* for plaintiff in error.

*E. M. Swift,* for defendant in error.

*By the Court* NELSON, J. The court certainly erred in excluding the witness Losee, after the offer of release from the plaintiff in error; for if before interested, on the ground that he

would be bound to make contribution, the release would have removed it. The defendant was in time in releasing the interest of the witness when the objection was made to his evidence on that point, as was offered in this case. The decision of the court was equivalent to an exclusion of the entire evidence of a competent witness for the defendant.

A party in consequence of rather modern practice, is not bound to establish the interest of a witness, in order to exclude him upon a preliminary inquiry before he is sworn in chief; and if his interest appears in the course of his examination, the objection may be taken; Peake's Ev. 195; 6 Johns. R. 538; but this relaxation of the ancient practice would be very unjust and unreasonable, if it did not take along with it the right of the adverse party, whenever the exception was taken to remove it.

The discretion which courts should always be allowed to exercise, in trying causes as to re-examining witnesses dismissed from the stand, has no application to this question.

Judgment reversed, and *venire de novo* awarded.